## PEOPLE v. VELTRI.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. HOMICIDE—MANSLAUGHTER—EVIDENCE.

Evidence *held* sufficient to sustain a conviction of manslaughter in the first degree.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 541.]

2. CRIMINAL LAW—APPEAL—HARMLESS ERROR—EXAMINATION OF WITNESSES.

In a murder case, any error in the exclusion of a question asked accused as a witness concerning what his aunt had said to him about running away was cured by his testifying a few moments later without objection that his aunt told him that officers were after him and advised him to run away.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3147.]

Jenks, J., dissenting.

Appeal from Kings County Court.

Francisco Veltri was charged with murder in the first degree, and appeals from a conviction of manslaughter in the first degree. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Martin T. Manton, for appellant.
Peter P. Smith, for the People.

HOOKER, J.   The indictment is for murder in the first degree. Defendant was convicted of manslaughter in the first degree. Of the fact that defendant killed the deceased there is no doubt or question. The people's proof was of a quarrel over a game of cards; that the defendant left the saloon, and the deceased followed him to the sidewalk; that the latter was seen to raise his arm as if to strike the defendant; that the deceased came back into the saloon after a few moments with a knife wound in the groin, from the loss of blood from which he died within five or ten minutes; and that the defendant voluntarily, when arrested, stated that the deceased kicked him and he killed him. The defendant testified to facts which he says justified the homicide. He says that deceased attacked him, and he tried to get away, but was held, and that when deceased reached into his inside coat pocket, as if for a gun or knife, defendant drew his "little penknife" and, opening it with his teeth, used it to "scare" deceased away. Even the evidence of the defendant made out justifiable homicide but poorly. This was far from a retreat to the wall, and beyond that it appears, inferentially, at least, that defendant was physical master of the situation; otherwise, why was it necessary to use his teeth to open the little penknife. The jury were amply justified in disbelieving the defense.

The error, if any, in excluding the question put to defendant, what his aunt said to him about running away, was cured at once; for without objection he testified, a few moments later, that his aunt told him officers were after him and advised him to run away.

The conviction must be affirmed. All concur, except JENKS, J., who dissents.